WILLIE C. BASSETT, JR.,

    Petitioner,

CASE NO. 5:16-CV-13474
v.                             HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Willie C. Bassett, Jr., ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first degree felony murder, M.C.L.A. 750.316(1)(b); first-degree child abuse, M.C.L.A. 750.136b(2); and second-degree child abuse, M.C.L.A. 750.136b(3). For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted by a jury in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

Defendant's convictions arise from the death of his three-month-old infant

daughter, BB. According to the testimony of medical experts, BB died from non-accidental head trauma. During the day preceding BB's admission to the hospital and her subsequent death, the child was in defendant's sole care.

*People v. Bassett*, No. 315568, 2014 WL 6602427, at *1 (Mich. Ct. App. Nov. 20, 2014).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 498 Mich. 871, 868 N.W. 2d 887 (2015); *reconsideration den.* 499 Mich. 859, 873 N.W. 2d 554 (2016).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial judge violated defendant's constitutional due process right to a fair trial.

II. Defendant was denied his constitutional right to the effective assistance of counsel.

III. Defendant was denied his constitutional due process right to a fair trial when the trial court allowed the introduction of prior acts of domestic violence that were irrelevant and prejudicial.

IV. Defendant was denied his constitutional due process right to a fair trial when the trial court admitted evidence of defendant's bad character, the mother's good character, and prior injuries to the baby. The prosecutor's urging the jury to convict on that basis qualifies as misconduct.

V. The trial court reversibly erred in overruling the defense objection to a jury instruction when the evidence did not support any claim that the defendant was an accessory after the fact.

VI. The verdict is against the great weight of the evidence.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody

2

> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any

3

possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III. Discussion

**A. Claims # 1 and # 2. The judicial misconduct/ineffective assistance of counsel claims.**

Petitioner contends in his first claim that he was denied a fair trial by judicial misconduct. Petitioner alleges in his second claim that trial counsel was ineffective for failing to object to the misconduct.

The Court notes that the Michigan Court of Appeals reviewed and rejected petitioner's first claim under a plain error standard because petitioner failed to preserve the issue as a constitutional claim at the trial court level. [1]

In *Fleming v. Metrish,* 556 F.3d 520, 532 (6th Cir. 2009), a panel of the Sixth Circuit held that the AEDPA deference applies to any underlying plain-error analysis of a procedurally defaulted claim. In a subsequent decision, the Sixth Circuit held that that plain-error review is not equivalent to adjudication on the merits, so as to trigger AEDPA deference. *See Frazier v. Jenkins*, 770 F. 3d 485, 496 n. 5 (6th Cir. 2014). The

---

[1] Respondent urges this Court to deny petitioner's first claim on the ground that it is procedurally defaulted because petitioner failed to object at trial. Petitioner argues in his second claim that counsel was ineffective for failing to object. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claim, it would be easier to consider the merits of the claim. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

4

Sixth Circuit noted that "the approaches of *Fleming* and *Frazier* are in direct conflict." *Trimble v. Bobby*, 804 F.3d 767, 777 (6th Cir. 2015). When confronted by conflicting holdings of the Sixth Circuit, this Court must follow the earlier panel's holding until it is overruled by the United States Supreme Court or by the Sixth Circuit sitting *en banc*. See *Darrah v. City of Oak Park,* 255 F.3d 301, 310 (6th Cir. 2001). This Court believes that the AEDPA's deferential standard of review applies to petitioner's first claim, even though it was reviewed only for plain error.

Petitioner argues that the judge violated petitioner's right to a fair trial by extensively questioning six of the prosecutor's witnesses. The Michigan Court of Appeals rejected petitioner's judicial misconduct claim:

> MRE 614(b) provides that a "court may interrogate witnesses, whether called by itself or by a party." This rule recognizes that "[t]he trial court may question witnesses in order to clarify testimony or elicit relevant information." *People v. Conyers*, 194 Mich. App 395, 404; 487 NW2d 787 (1992). But the "trial court should conduct a trial with a view to eliciting the truth and to attaining justice between the parties." *Davis*, 216 Mich.App at 49 (internal quotation and citation omitted). A trial judge possesses
>
>> good reason to interject itself into the trial ... when a witness is difficult or is not credible and the attorney fails to adequately probe the witness, ... if a witness becomes confused," or the "attorneys for both sides avoid asking a witness a material question ... In these and other appropriate instances, the trial court may have good reason to question a witness in order to enhance the role of the criminal trial as a search for substantive truth. [*Id.* at 49–50.]
>
> A trial judge does not deprive a defendant of a fair trial by asking "questions posed in a neutral manner." *Id*. at 50.
>
> "The principal limitation on a court's discretion over matters of trial conduct

5

is that its actions not pierce the veil of judicial impartiality." *Davis*, 216 Mich.App at 50. In *Conyers*, 194 Mich.App at 405, this Court summarized the following relevant cautionary principles governing judicial questioning of witnesses:

> [T]he trial court must exercise caution and restraint to ensure that its questions are not intimidating, argumentative, prejudicial, unfair, or partial. The test is whether the judge's questions and comments may well have unjustifiably aroused suspicion in the mind of the jury as to a witness' credibility, and whether partiality quite possibly could have influenced the jury to the detriment of defendant's case. [Internal quotations, citations and emphasis omitted.]

"A trial court may not assume the prosecutor's role with advantages unavailable to the prosecution," but "the fact that testimony elicited by a court's questions damaged a defendant's case did not demonstrate that the court had improperly assumed the role of surrogate prosecutor." *Davis*, 216 Mich.App at 51 (internal quotation and citation omitted).

The record reveals that the questions asked of Ashley Thomas, BB's mother, by the prosecutor and defense counsel left unclear many details concerning the child's home life at the time she endured her injuries, which defendant denied having inflicted. Thomas was the sole trial witness to testify regarding BB's home life around the time of her death. The trial court elicited from Thomas additional, relevant details about BB's home life during the months before her death. See *People v. Daoust*, 228 Mich.App 1, 13; 577 NW2d 179 (2001)(finding properly admitted evidence regarding a prior incident of child abuse because "it helped to put the charged activity in context," especially given that the defendant "denied ever participating in [the child's] discipline"), overruled in part on other grounds in *People v. Miller*, 482 Mich. 540, 561; 759 NW2d 850 (2008). The trial court's more limited questioning of several other witnesses also elicited relevant details.

Defendant does not specifically identify any purportedly irrelevant or unfairly prejudicial topic of questioning by the trial court, but argues that, by extensively questioning the witnesses, the judge injected himself as a second prosecutor. Even if the excessive nature of the trial court's questions crossed the line of judicial impartiality, defendant cannot establish plain error affecting his substantial rights. *Davis*, 216 Mich.App at 51. Absent the trial court's questions, the record demonstrates ample properly admitted evidence

of defendant's guilt, including the medical testimony describing the nature of BB's injuries, and Thomas's testimony regarding defendant's physical abuse of her and his sole care for BB while Thomas was working on the days before the child began exhibiting symptoms of brain death. The trial court also instructed the jury that "[m]y comments, rulings, questions and instructions are also not evidence," and jurors presumptively follow their instructions. *People v. Unger*, 278 Mich.App 210, 235; 749 NW2d 272 (2008); *Davis*, 216 Mich.App at 52. In light of the evidence admitted at trial and the curative effect of the trial court's instructions, any error in the trial court's questioning of witnesses does not require reversal.

*People v. Bassett*, 2014 WL 6602427, at * 1–2.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. *See Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). The right to an impartial judge is a right whose deprivation a state prisoner may complain of in a federal habeas corpus proceeding. *Tyson v. Trigg*, 50 F.3d 436, 438 (7th Cir. 1995)(citing to *Turner v. Ohio*, 273 U.S. 510, 523 (1927); *In Re Murchison*, 349 U.S. 133 (1955)). Trial judges have a wide latitude in conducting trials, but they must preserve an attitude of impartiality and scrupulously avoid giving the jury the impression that the judge believes that the defendant is guilty. *Harrington v. State of Iowa*, 109 F.3d 1275, 1280 (8th Cir. 1997); *Brown v. Palmer,* 358 F. Supp. 2d 648, 657 (E.D. Mich. 2005).

However, in reviewing an allegation of judicial misconduct in a habeas corpus petition, a federal court must ask itself whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process. *Duckett v. Godinez*, 67

F.3d 734, 740 (9th Cir. 1995); *Brown v. Palmer,* 358 F. Supp. 2d at 657. To sustain an allegation of bias by a state trial judge as a grounds for habeas relief, a habeas petitioner must factually demonstrate that during the trial the judge assumed an attitude which went further than an expression of his or her personal opinion and impressed the jury as being more than an impartial observer. *Brinlee v. Crisp*, 608 F.2d 839, 852-53 (10th Cir. 1979); *Brown,* 358 F. Supp. 2d at 657. A trial judge's intervention in the conduct of a criminal trial would have to reach a significant extent and be adverse to the defendant to a significant degree before habeas relief could be granted. *McBee v. Grant*, 763 F.2d 811, 818 (6th Cir. 1985); *Brown,* 358 F. Supp. 2d at 657. The Supreme Court has ruled that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish judicial bias or misconduct. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). "A judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune." *Id.*

A trial judge may interject himself or herself "into the trial, speak to counsel, and question witnesses in order to clear up confusion regarding the evidence or aid in its orderly presentation." *United States v. Powers*, 500 F.3d 500, 511 (6th Cir. 2007). In the present case, the trial court judge interjected himself only to clarify the witnesses' testimony. It is not unconstitutional under the Due Process Clause for a state trial judge to seek clarification from witnesses at a criminal trial. *Brown v. Palmer,* 358 F. Supp. 2d at 657; *See also Wenglikowski v. Jones,* 306 F. Supp. 2d 688, 695 (E.D. Mich. 2004). "In fact, it is proper for a judge to question a witness when necessary either to elicit the

8

truth or to clarify testimony." *Brown,* 358 F. Supp. 2d at 657. Because the trial court judge's questions were proper, petitioner is not entitled to habeas relief.

Finally, any prejudice from the judge's various comments and questions was also cured by the fact that the judge instructed the jury that his comments, rulings, and instructions were not evidence and further advised the jurors that if they believed that the judge had an opinion about how they should decide the case, that they should disregard that opinion and that they were the only judges of the facts. *See Todd v. Stegal,* 40 F. App'x. 25, 28 (6th Cir. 2002). Petitioner is not entitled to relief on his first claim.

Petitioner's related ineffective assistance of counsel claim is without merit.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

The trial court judge's questions to the witnesses to clarify their testimony were proper; counsel was not ineffective for failing to object to the questions. *See U.S. ex rel. Rockman v. DeRobertis,* 717 F. Supp. 553, 554 (N.D. Ill. 1989). Petitioner failed to show that counsel was deficient in failing to object to the judge's questions or that he was prejudiced by them, thus, he is not entitled to relief on his ineffective assistance of

9

counsel claim. *Welch v. Burke*, 49 F. Supp. 2d 992, 1010 (E.D. Mich. 1999).

**B. Claims # 3 and # 4. The evidentiary law claims.**

The Court discusses petitioner's third and fourth claims together for judicial clarity.

In his third claim, petitioner contends that he was deprived of a fair trial when the judge allowed the prosecutor to introduce evidence concerning petitioner's acts of domestic violence against Ms. Thomas in the months before BB's death. In his related fourth claim, petitioner contends that the judge denied him a fair trial by permitting the prosecutor to introduce character evidence concerning petitioner's anger management issues, alcohol consumption, and unemployment. Petitioner also claims the court erred in admitting testimony about BB's healing rib fractures and evidence of Ms. Thomas's good character. Petitioner further claims that the prosecutor committed misconduct by mentioning this evidence during her opening statement and closing argument. Petitioner contends that all of this evidence was irrelevant and highly prejudicial and was admitted solely to establish his propensity to commit the charged offense.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224

F. 3d 542, 552 (6th Cir. 2000); *See also Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 908-09 (E.D. Mich. 2006).

Petitioner's claim that he was denied a fair trial by the admission of irrelevant and highly prejudicial evidence cannot form the basis for habeas relief, because it involves a state law evidentiary issue. *See Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009); *See also Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978).

Petitioner's claim that this evidence should have been excluded under M.R.E. 403 for being more prejudicial than probative does not entitle petitioner to habeas relief. The Sixth Circuit observed that "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F. 3d 536, 551 (6th Cir. 2012)(emphasis original). The Michigan Court of Appeals concluded that all of this evidence was relevant under Michigan law for various reasons. *People v. Bassett*, 2014 WL 6602427, at * 3-5. This Court must defer to that determination.

Petitioner's claim that the state court violated M.R.E. 404(b) or any other provision of state law by admitting improper character evidence or evidence of his prior bad acts against either Ms. Thomas or the victim is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F. 3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on

11

their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003). Given the lack of holdings by the Supreme Court on the issue of whether a state court violates a habeas petitioner's due process rights by the admission of evidence to establish the petitioner's propensity to commit criminal acts, the Michigan Court of Appeals' rejection of petitioner's claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 ( 2006).

Petitioner further claims that the prosecutor committed misconduct by bringing up evidence of petitioner's bad character, the victim's prior injuries, and Ms. Thomas' good character in opening and closing argument.

Although petitioner has framed this portion of his claim as a prosecutorial-misconduct challenge, "it amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." *Webb v. Mitchell*, 586 F. 3d

12

383, 397 (6th Cir. 2009). "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." *Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008). The trial judge and the Michigan Court of Appeals concluded that this evidence was relevant and admissible and that the prosecutor acted in good faith in arguing this evidence. This Court cannot second guess that determination. Petitioner is not entitled to relief on his third and fourth claims.

    **C. Claim # 5. The jury instruction claim.**

Petitioner next contends that the judge erred in giving the jurors an instruction on aiding and abetting when there was no evidence presented to support the giving of this instruction, in that the prosecutor charged him with being a principal to the offense.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977). Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009). It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191.

Under Michigan law, a criminal defendant may be charged as a principal but convicted as an aider and abettor without violating due process. *See People v. Turner*, 213 Mich. App. 558, 568; 540 N.W. 2d 728 (1995); *overruled in part on other grounds in People v. Mass*, 464 Mich. 615, 628; 628 N.W. 2d 540 (2001). Likewise, under federal law, a defendant may be indicted for the commission of a substantive crime as a principal offender and convicted of aiding and abetting its commission, although not named in the indictment as an aider and abettor, without violating federal due process. *See Hill v. Perini*, 788 F.2d 406, 407 (6th Cir. 1986)(*citing Stone v. Wingo*, 416 F. 2d 857 (6th Cir. 1969)). It is thus not improper for a state trial court to instruct a jury on the elements of aiding and abetting, even if the habeas petitioner was charged as the principal. *Hill,* 788 F. 2d at 408; *See also O'Neal v. Morris*, 3 F. 3d 143, 145 (6th Cir. 1993), *rev'd on other grounds sub nom O'Neal v. McAninch*, 513 U.S. 432 (1995). Moreover, given that petitioner's defense was that someone else physically abused BB, the aiding and abetting instruction was appropriate because the prosecutor "was entitled to respond to this defense by contending that it failed even on its own terms through an aiding-and-abetting theory of liability." *Rashad v. Lafler*, 675 F.3d 564, 569-70 (6th Cir. 2012). Petitioner is not entitled to relief on his fifth claim.

**D. Claim # 6. The great weight of the evidence claim.**

Petitioner seeks habeas relief on his claim that the great weight of the evidence introduced at trial went against the jury's verdict. Petitioner claims that the testimony of Dr. Ajit Sarniak that BB's brain death happened within approximately six hours of her

14

brain injury, so as to establish that the victim was in petitioner's sole care when the injury happened, was refuted by testimony from two experts in forensic pathology who claimed that the condition of BB's body did not allow for a determination of when she might have suffered her fatal injury. Petitioner also notes that one of these experts, Dr. Ljubisa Dragovic, testified that BB might have suffered her head injuries days before her brain death. Petitioner argues that because the evidence did not precisely establish the timing of BB's head injuries, the credible evidence suggests that someone other than petitioner could have inflicted BB's fatal injuries.

A federal habeas court cannot grant habeas relief because a state conviction is against the great weight of the evidence. *Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); *See also Nash v. Eberlin*, 258 F. App'x. 761, 764, n. 4 (6th Cir. 2007)("a manifest-weight-of-the-evidence argument is a state-law argument")*; Artis v. Collins,* 14 F. App'x. 387 (6th Cir. 2001)(declining to grant certificate of appealability to habeas petitioner on claim that jury's verdict was against the manifest weight of the evidence). The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. *Dell,* 194 F. Supp. 2d at 648. As long as there is sufficient evidence to convict the petitioner, the fact that the verdict went against the great weight of the evidence does not entitle him to habeas relief. *Id.* Petitioner does not contend that the evidence, if believed, was sufficient to convict, only that the verdict went against the great weight of the evidence. Petitioner is not entitled to

relief on his sixth claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. [2]

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/John Corbett O'Meara
United States District Judge

Date: June 8, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 8, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager