**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIE C. BASSETT, JR.,

      Petitioner,

                                  CASE NO. 5:16-CV-13474

v.                            HONORABLE JOHN CORBETT O'MEARA

                                  UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

      Respondent.

_____/

**<u>OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION
AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE
MOTION FOR A CERTIFICATE OF APPEALABILITY AND MOTION TO
PROCEED *IN FORMA PAUPERIS* ON APPEAL TO THE UNITED STATES
COURT OF APPEALS FOR THE SIXTH CIRCUIT</u>**

On June 8, 2017, this Court denied the petitioner's application for a writ of habeas corpus and further denied him a certificate of appealability or leave to appeal *in forma pauperis*. *Bassett v. Woods*, No. 5:16-CV-13474, 2017 WL 2472888 (E.D. Mich. June 8, 2017).

Petitioner has filed a Notice of Appeal.  Petitioner has also filed a motion for a certificate of appealability and a motion to proceed in *forma pauperis* on appeal, which this Court will treat in part as a motion for reconsideration of the Court's previous decision to deny petitioner a certificate of appealability or leave to appeal *in forma pauperis*.  For the reasons that follow, the Court will deny petitioner's motion for reconsideration.  The Court will further order that petitioner's motion for a certificate of appealability and the motion to proceed *in forma pauperis* on appeal be transferred to the

United States Court of Appeals for the Sixth Circuit.

The Court will deny plaintiff's motion for reconsideration.  U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001); *See also Williams v. McGinnis*, 192 F. Supp. 2d 757, 759 (E.D. Mich. 2002).  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Williams,* 192 F. Supp. 2d at 759; *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999).  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Because this Court previously denied petitioner a certificate of appealability when it denied the petition for writ of habeas corpus, the Court will construe petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability. *See e.g. Jackson v. Crosby,* 437 F. 3d 1290, 1294, n. 5 (11th Cir. 2006).  Likewise, because this Court previously denied petitioner leave to appeal *in forma pauperis* when it denied the petition for writ of habeas corpus, the Court will construe petitioner's motion for leave to appeal *in forma pauperis* as a motion for reconsideration of the Court's prior order to deny him leave to appeal *in forma pauperis*

2

in this case. See *Pettigrew v. Rapelje,* No. 08-12530-BC, 2008 WL 4186271, * 1 (E.D. Mich. Sept. 10, 2008).

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's habeas application and declined to issue a certificate of appealability or leave to appeal *in forma pauperis. See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

This Court notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)).  In light of the fact that this Court has already denied petitioner a certificate of appealability, petitioner should direct his request for a certificate of appealability to the Sixth Circuit.  The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court will also order the Clerk of the Court to transfer petitioner's motion to proceed *in forma pauperis* on appeal to the Sixth Circuit.  It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992).  Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion that he be permitted to proceed *in*

3

*forma pauperis* in the Sixth Circuit Court of Appeals. *See Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983).  Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion to proceed *in forma pauperis* on appeal would be more appropriately addressed to the Sixth Circuit.

        **IT IS HEREBY ORDERED** that petitioner's motion for a reconsideration is **DENIED.**

        **IT IS FURTHER ORDERED** that the Clerk of the Court transfer petitioner's "Motion for Certificate of Appealability" [Dkt. # 12] and the "Motion to Proceed *In Forma Pauperis* on Appeal [Dkt. # 15] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Date: July 13, 2017                              s/John Corbett O'Meara
                                                 United States District Judge


        I hereby certify that on July 13, 2017 a copy of this order was served upon the parties of record using the ECF system, and/or by first-class U.S. mail.

                                                 s/William Barkholz
                                                 Case Manager

4